UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIGADE HOLDINGS, INC.,
a Delaware corporation

       Plaintiff,

v.                                      Case No.

AEGIS BUSINESS CREDIT, LLC,
a Florida limited liability company

       Defendant
_____/

## COMPLAINT FOR DAMAGES AND OTHER RELIEF

    Plaintiff BRIGADE HOLDINGS, INC, a Delaware corporation ("BRIGADE" or "Plaintiff"), by and through its undersigned counsel, hereby sues Defendant, AEGIS BUSINESS CREDIT, LLC, a Florida limited liability company ("AEGIS" or "Defendant"), and alleges the following:

    1.    Plaintiff, BRIGADE, is a corporation organized and existing under the laws of the State of Delaware, that conducts regular business in the States of New York and Maryland. BRIDAGE has little or no contact with the State of Florida, other than relative to its business relationship with AEGIS.

    2.    Defendant, AEGIS, is a Florida limited liability company that has its principal place of business in Tampa, Hillsborough County, Florida. AEGIS' members are residents of the State of Florida.

    3.    Venue is proper in this judicial district under 28 USC § 1391(b) and (c) because AEGIS maintains offices in this district, conducts business in this district and a substantial part of the acts, events and omissions giving rise to the claims alleged herein occurred in this district.

4. This Court has personal jurisdiction over AEGIS because it maintains offices in this district, does business in this district and because many of the acts, events and omissions giving rise to the claims asserted herein occurred in this district.

5. This Court has diversity jurisdiction over the subject matter of this case pursuant to 28 USC §1332(a)(1), in that this is a civil action between a citizen (the Plaintiff) of the State of Delaware, New York or Maryland and a citizen (Defendant) of the State of Florida.

6. All conditions precedent to the commencement of this action have occurred, been performed or have been waived.

7. BRIGADE has engaged the undersigned attorney to represent it in this matter and is obligated to pay its attorney a reasonable fee for legal services rendered relative to this case.

8. BRIGADE is entitled to recover its attorneys' fees and costs in this action pursuant to the terms of the agreements that are the subject of this case and applicable law.

9. On or about November 20, 2018, BRIGADE as "Seller" and AEGIS as "Purchaser" entered into that certain Factoring and Security Agreement, a true and correct copy of which is attached hereto as **Exhibit "A**  (the "Factoring Agreement").  On or about December 5, 2018, in purported perfection of the security interest granted to it in the Factoring Agreement AEGIS filed a UCC-1 Financing Statement with the Delaware Department of State (the "AEGIS UCC Filing"). A true and correct copy of the AEGIS UCC Filing is attached hereto as **Exhibit "B."**

10. On or about December 5, 2018, BRIGADE, AEGIS and BRIGADE's SBA lender, BNB Bank, a New York banking corporation, entered into that certain Subordination Agreement pursuant to which BNB subordinated its pre-existing security interest in assets of BRIGADE to the interests of AEGIS.

11. During and after this time, BRIGADE entered into a series of writings with

SYDHEE LIGHTING CO, LTD ('SYDHEE") that collectively comprise a consignment agreement between SYDHEE, as consignor, and BRIGADE, as consignee, pursuant to which SYDHEE delivered consignment inventory to BRIGADE (the "Consignment Inventory").

12. On August 24, 2020, AEGIS issued a letter declaring that BRIGADE was in default under the Factoring Agreement, accelerating the indebtedness and demanding payment from BRIGADE. A true and correct copy of the August 24, 2020 demand letter is attached hereto as **Exhibit "C.".**

13. Upon the onset of the COVID-19 pandemic, AEGIS put BRIGADE in a death squeeze—AEGIS continued to accrue interest on the Factoring Agreement debt, but BRIGADE was prevented from continuing to do work under government-mandated lockdown orders. Instead of working with BRIGADE and its customers (many of whom could not pay due to the pandemic-related lockdown), AEGIS acted recklessly and tried to grab cash or value wherever it could which resulted in BRIGADE's business being destroyed.

14. At the time that AEGIS declared a default under the Factoring Agreement, BRIGADE had on hand a significant amount of inventory from SYDHEE in relationship to the consignment agreement entered between SYDHEE and BRIGADE.

15. AEGIS was fully aware that BRIGADE was holding the Consignment Inventory on consignment from SYDHEE. AEGIS had actual knowledge of SYDHEE's consignment interest in the Consignment Inventory which precludes AEGIS from obtaining a superior interest in the Consignment Inventory. *TSA Ponce, Inc., et al. v. Performance Apparel Corp. (In re: TSAWD Holdings, Inc., et al)*; 595 B.R. 676, 685 (Bankr. D. Del. 2018).

16. Even though AEGIS' purported interest in the Consignment Inventory is inferior to the rights of SYDHEE, among other collection activities, AEGIS repossessed the Consignment Inventory and is holding such inventory and refuses to return it to BRIGADE or SYDHEE, even

though AEGIS has no colorable right to possess the Consignment Inventory and BRIGADE has demanded that AEGIS release the Consignment Inventory from AEGIS' possession.

17. As a result of AEGIS' improper and unlawful actions in repossessing and holding the Consignment Inventory, BRIGADE was damaged to the point that AEGIS' improper actions proximately caused BRIGADE's business to fail.

18. Moreover, AEGIS acted recklessly in its role as the "Purchaser" of accounts receivable from BRIGADE under the Factoring Agreement. On at least three (3) occasions, AEGIS acted recklessly in dealing with BRIDAGE's customers to the point that as a direct and proximate result of the reckless actions of AEGIS, these customers stopped doing business with BRIGADE which greatly contributed to BRIGADE's demise as a business.

19. Regarding the Prince George School System, a customer of BRIGADE, AEGIS sent a letter to the school and utility company demanding payment from Prince George School System for $400,000 for a job related to **Largo High School,** which had absolutely nothing to do with BRIGADE or Prince George School System. In fact, BRIGADE was in the process of doing a pre-bid lighting field count to bid on a job at Largo High School that had not yet begun.

20. Regarding Goodwill Stores, a customer of BRIGADE, AEGIS sent an email with a letter to Goodwill demanding that payment be made to AEGIS, but the letter actually sent to Goodwill was a letter intended for another customer, Second Avenue Village Thrift. After this, Goodwill no longer did business with BRIGADE, being left with the impression that BRIGADE had company-wide systemic problems.

21. Regarding Calvert County, a customer of BRIGADE, the actions by AEGIS in wrongfully repossessing and withholding the Consignment Inventory from BRIGADE prevented BRIGADE from responding to a warranty claim from Calvert County that pertained to 750 lighting units installed approximately three (3) years ago. The supplier of the lighting was SYDHEE

Lighting. SYDHEE, BRIGADE and Calvert made an agreement that if BRIGADE replaced the defective lights, Calvert County would hire BRIGADE to retrofit the lighting in 19 other buildings in Calvert County. However, given the actions of AEGIS in "freezing" the Consignment Inventory, Calvert County withdrew its offer to hire BRIGADE to do the 19 additional buildings. The profit that BRIGADE would have made from that agreement would have been enough for the company to survive.

22. In each of these instances, AEGIS' improper conduct led to BRIGADE losing these customers, which at that time comprised the majority of Brigade's business and would continue to do so. At this time Brigade had a sales pipeline in excess of $4 million that was growing at the rate of $1 million per month.

## COUNT I- CONVERSION

23. This is an action for conversion of the Consignment Inventory for which BRIGADE has been damaged for sums in excess of $75,000.00, excluding interest and costs.

24. BRIGADE re-alleges and incorporates by reference the allegations made in paragraphs 1-22, above.

25. AEGIS' alleged security interest in the Consignment Inventory is subordinate to the interests of SYDHEE, as consignor, or BRIGADE, as consignee.

26. BRIGADE made AEGIS aware that AEGIS did not have the right to repossess or control the Consignment Inventory. AEGIS knew that it had no right to repossess the Consignment Inventory but did it anyway.

27. AEGIS wrongfully took possession and control over the Consignment Inventory and refused to return the Consignment Inventory to BRIGADE.

28. BRIGADE was damaged by AEGIS' wrongful dominion and control over the Consignment Inventory.

**WHEREFORE**, BRIGADE respectfully demands entry of a judgment for all damages proximately caused by AEGIS' conversion of the Consignment Inventory, along with interest, costs and reasonable attorneys' fees related thereto, together with such other or further relief that this Court may deem appropriate.

## COUNT II- BREACH OF CONTRACT

29. This is an action for breach of the Factoring Agreement by AEGIS for which BRIGADE has been damaged for sums in excess of $75,000.00, excluding interest and costs.

30. BRIGADE re-alleges and incorporates by reference the allegations made in paragraphs 1 -22, above.

31. Under the terms of the Factoring Agreement, AEGIS does not have the right to demand payment from account debtors, who are customers of BRIGADE, for: (i) amounts that account debtors do not owe, and (ii) amounts owed by a different customer not the one against whom the demand was made.

32. Under the Factoring Agreement, AEGIS' rights vis a vis another party's interest in the same property is governed by Florida law. AEGIS breached the Factoring Agreement by repossessing the Consignment Inventory as to which it had no right to repossess.

33. These breaches by AEGIS proximately caused BRIGADE to suffer damages that resulted in BRIGADE's entire business failing.

34. BRIGADE's business was worth in excess of $1,500,000 before it was destroyed by AEGIS.

35. BRIGADE is entitled to recover all damages that were proximately caused by AEGIS' breach of the Factoring Agreement.

36. Pursuant to Florida Statutes §57.105(7) and the Factoring Agreement,

BRIGADE is entitled to recover its reasonable attorneys' fees and costs incurred in prosecuting this action.

**WHEREFORE,** BRIGADE demands entry of a judgment against AEGIS for all damages proximately caused by AEGIS' contractual breaches, along with interest, costs and reasonable attorneys' fees related thereto, together with such other or further relief that this Court may deem appropriate.

### COUNT III- TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS

37. This is an action for damages for tortious interference with advantageous busines relationships where the damages suffered by BRIGADE exceed $75,000.00, exclusive of interest and costs.

38. Under Florida law, a party seeking redress pursuant to a claim for tortious interference with a business relationship must show: (1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship; and (4) damage to the plaintiff as a result of the tortious interference with the relationship.

39. BRIGADE had existing business relationships with Calvert County and SYDHEE that included an agreement that BRIGADE would be able to retrofit 19 buildings in Calvert County with new lighting. AEGIS was fully aware of these relationships.

40. AEGIS intentionally and without justification interfered with these relationships by repossessing the Consignment Inventory without any right to do so, which action caused both Calvert County and SYDHEE to mistrust BRIGADE and to no longer do business with it

41. AEGIS' interference caused substantial damage to BRIGADE by, among

other things, ruining BRIGADE's business relationships with Calvert County and SYDHEE, which in turn prevented BRIGADE from being able to retrofit 19 buildings with new lighting as agreed with Calvert County and SYDHEE.

42. BRIGADE is entitled to recover all damages proximately caused by AEGIS' tortious interference with its advantageous business relationships with Calvert County and SYDHEE.

**WHEREFORE,** BRIGADE respectfully demands entry of a judgment against AEGIS for all damages proximately caused by AEGIS' tortious interference described above, along with interest, costs and reasonable attorneys' fees related thereto, together with such other or further relief that this Court may deem appropriate.


Dated: March 16, 2021

*s/s Michael P. Brundage, Esq*
MICHAEL P. BRUNDAGE, ESQ.
FLORIDA BAR # 611621
BRUNDAGE LAW, P.A.
100 MAIN STREET SUITE 204
SAFETY HARBOR, FL. 34695
(727) 250-2488 telephone
mpbrundagelaw@gmail.com
ATTORNEYS FOR PLAINTIFF
BRIGADE HOLDINGS, INC.