UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIGADE HOLDINGS, INC.,

    Plaintiff,

v.                                          Case No. 8:21-cv-609-TPB-SPF

AEGIS BUSINESS CREDIT, LLC,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER**

This matter is before the Court on "Defendant Aegis Business Credit, LLC's Motion to Transfer or, Alternatively, Dismiss and Supporting Memorandum of Law," filed on April 30, 2021. (Doc. 21). Plaintiff Brigade Holdings, Inc. filed a response in opposition on May 20, 2021. (Doc. 28). Upon review of the motion, response, court file, and record, the Court finds as follows:

**Background**

Plaintiff Brigade Holdings, Inc., though now defunct, is a Delaware corporation which designed, manufactured, and installed LED lighting for customers mostly in Maryland and New York. Defendant Aegis Business Credit, Inc. is a corporate lender, incorporated in Florida with its principal place of business in Tampa. On November 20, 2018, the parties entered into a contract whereby Aegis loaned funds to Brigade. The loan was secured by an interest in Brigade's customer accounts and a lien on Brigade's inventory, which consisted of lighting fixtures and other items located in a warehouse in Maryland. After entering the contract, Brigade went out of business. Aegis contends that

Brigade was in default on the loan and, as a result, it seized a portion of the secured property in Maryland. Other portions of the property have disappeared and cannot be located.

On March 16, 2021, Brigade filed a three-count complaint in this Court asserting the following claims: conversion (Count I), breach of contract (Count II), and tortious interference with advantageous business relationships (Count III). The very next day, Aegis filed a complaint arising from the same dispute in the United States District Court for the District of Maryland, asserting claims against Brigade and other parties for breach of contract and for replevin of the secured property. On April 16, 2021, Brigade filed an amended complaint, adding a claim for usury against Aegis. In the instant motion to dismiss, Aegis argues that the case should be transferred to the district court in Maryland pursuant to 28 U.S.C. § 1404(a) or, alternatively, be dismissed for failure to state a claim.

## **Legal Standard**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Among others, venue is appropriate in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391. The purpose of § 1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co.*

*v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).  Section1404(a) leaves much discretion for the court, and "once a trial judge decides that transfer of venue is or is not justified, the ruling can be overturned only for clear abuse of discretion." *Trace-Wilco, Inc. v. Symantec Corp.*, No. 08-80877-CIV, 2009 WL 455432, at *1 (S.D. Fla. Feb 23, 2009) (citing *Brown v. Conn. Gen. Life Ins.*, 934 F.2d 1193, 1197 (11th Cir. 1991)).

## Analysis

Aegis argues this matter should be transferred to Maryland because the events giving rise to this cause of action occurred in Maryland, a large number of witnesses are in Maryland, and the property at issue was stored and last seen in Maryland.  However, Brigade contends that transfer is inappropriate because it filed suit in Florida before (albeit only one day before) Aegis filed suit in Maryland, and that the forum selection clause in the parties' contract mandates that the dispute be resolved in Florida.

The Eleventh Circuit follows the first filed rule.  Under this rule, when parties have instituted competing or parallel suits in separate courts involving overlapping parties and issues, the court where the controversy was filed first should presumptively be the one to decide the case. *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013).  This presumption, however, may be rebutted if "compelling circumstances" warrant an exception to the first-filed rule. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005).  In ascertaining whether compelling circumstances exist, courts consider the same factors applicable to transfer motions under § 1404(a). *CSX Intermodal Terminals, Inc. v. Nickolas Savko and Sons, Inc.*, No. 3:18-cv-96-J-34PDB, 2018 WL 4932891, at *2 (M.D. Fla. May 21, 2018).  Accordingly, consideration of

Aegis's motion to transfer under § 1404 and Brigade's "first filed" argument turn on the same issues.

In opposing transfer, Brigade argues that the parties' forum selection clause "mandates" that this dispute be resolved in Florida and therefore precludes transfer of the action to Maryland. However, this clause is not a mandatory forum selection clause. Rather, it is a "hybrid" clause, permitting Aegis to elect whether to require suit in Florida. *See Ocwen Orlando Holdings Corp. v. Harvard Property Trust, LLC*, 526 F.3d 1379, 1381 (11th Cir. 2008). As Aegis has not elected to do so, the clause remains merely permissive. As such, it is only one of a number of factors to be weighed in the analysis of whether to transfer the case. *See CSX Intermodal Terminals,* 2018 WL 4932891, at *5.

Cases may be transferred under § 1404(a) where the court finds transfer serves the interest of justice based on established public and private factors.[1] *Soliman v. Daimler AG*, No. 6:09-cv-00947-MSS-KRS, 2010 WL 11506980 at *3 (M.D. Fla. Jan. 22, 2010); *see also Trafalgar Capital Specialized Inv. Fund (In Liquidation) v. Hartman*, 878 F. Supp. 1274, 1282 (S.D. Fla. 2012).[2] Private factors include

---

[1] Section 1404(a) also requires the alternative venue to be proper. *See Soliman v. Daimler AG*, No. 6:09-cv-00947-MSS-KRS, 2010 WL 11506980 at *3 (M.D. Fla. Jan. 22, 2010). Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). A substantial part of the events giving rise to the claims in this case occurred in Maryland, and the case is centered around rights to property in Maryland. Therefore, venue is proper in the District of Maryland.

[2] Where parties agree to a mandatory forum selection clause, courts should not consider private interest factors in determining transfer. *See Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. Of Texas*, 571 U.S. 49, 64 (2013). As noted above, the clause at issue here is a hybrid clause which remains merely permissive because Aegis did not elect to file suit here. *See Anderson v. First Mercury Ins. Co.*, No. 6:19-cv-1389-Orl-40EJK, 2020 WL 3316917, at *4 (M.D. Fla. Feb. 28, 2020) (considering private interest factors in a case involving an uninvoked hybrid forum selection clause). Accordingly, private interest factors are considered here.

> relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Atl. Marine*, 571 U.S. at 62 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).  Courts also consider the plaintiff's choice of forum as a private interest factor.  *Id*.  The public interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law."  *Id*.

Here, the Court finds these factors weigh in favor of transfer.  Although Aegis is a Florida corporation, the dispute in both cases centers largely around rights to property that was held and last seen in Maryland.  Moreover, Brigade offers little to rebut Aegis' showing that most of the evidence and witnesses underlying the parties' dispute lies in Maryland.  Brigade argues that the contract's choice of law provision requires that Florida law be applied, and the dispute is therefore better decided by a Florida court.  The outcome in this case will likely turn, however, on the terms of the parties' contract and on the Uniform Commercial Code, which has been adopted in both Florida and Maryland.  Brigade added a usury claim to its suit here after Aegis filed suit in Maryland and argues that Florida and Maryland law on usury differ, but the Court has no doubt that the Maryland district court is fully capable of interpreting Florida law on that issue.

Accordingly, the dispute's Florida connections are insufficient to outweigh the practical benefits of transferring this case to Maryland.  *See* Fed. R. Civ. P. 1 (the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court

and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Aegis's motion to transfer is granted.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant Aegis Business Credit, LLC's Motion to Transfer or, Alternatively, Dismiss and Supporting Memorandum of Law" (Doc. 21) is hereby **GRANTED**.

(2) The Clerk is directed to **TRANSFER** this case to the United States District of for the District of Maryland, Southern Division for all further proceedings.

(3) Following transfer, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of August, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**